UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14097-CIV-MOORE/LYNCH

KIMBERLY L. ALLEN, et al.,

    Plaintiffs,

v.

LIBERTY MEDICAL SUPPLY, INC., et al.,

    Defendants.
_____/



FILED by ___ D.C.

MAY - 5 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEY FEES (DE 92) AND VERIFIED MOTION TO TAX COSTS (DE 93)

**THIS CAUSE** comes before this Court upon an Order of Reference and the above Motions. Having reviewed the Motions and the respective Responses and Replies thereto, this Court recommends as follows:

1. The Plaintiffs' entitlement to an attorney fee award is clear. Final Judgment was entered on their wage claims, and both 29 U.S.C. § 216 and § 448.08, Fla. Stat., permit the Plaintiffs to recover their attorney fees. This leaves the amount of the attorney fee award to be determined. The Plaintiffs ask for $91,125.00.

2. The "lodestar" standard, whose framework is set forth in the case of Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299-1301 (11th Cir. 1988), provides the means by which the reasonableness of an attorney's fee is measured. The same

standard holds true for a fee determination under Florida law. See Zunde v. Int'l Paper Co., 2000 WL 1763843 (M.D. Fla. 2000). Generally speaking the lodestar fee award is the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate. It is the Plaintiffs' burden to prove the reasonableness of their fee request. To meet this burden, the Plaintiffs should exclude inefficient work product, redundant hours, and duplicative tasks. They also should practice good billing judgment and only submit a bill to the Defendants that they, themselves, would expect to pay. See Perkins v. Mobile Hous. Bd., 847 F.2d 735, 738 (11th Cir. 1988).

    3.    This Court begins its analysis with the number of work hours incurred. Counsel claims 274.20 attorney hours and 301.00 paralegal hours expended in this case. Counsel says this figure represents an already pared down figure that excludes many clerical or redundant tasks, and they shifted much of the workload onto paralegals as a cost-saving measure. In support of their Motion, the Plaintiffs submit the Affidavit of their counsel and the Supporting Affidavit of Don R. Boswell, Esq.

    4.    The Defendants' objection is plain. They regard much of the Plaintiffs' work in this case as wholly unnecessary and far out of proportion to the stakes involved. They contend that the instant litigation is needlessly duplicative of the Ealy-Simon case since the instant Plaintiffs could have joined that lead law

suit. And they contend that discovery and merits litigation in this case were redundant to the earlier filed Liberty Medical cases. The Defendants go so far as to regard the Plaintiffs' fee request as "demonstrably submitted in bad faith".

5. Despite having raised this objection several times before, the Defendants still have no answer to the Plaintiffs' explanations for the intensive course of litigation. The Defendants overlook why the Plaintiffs needed to cast a wide net during discovery, the burden placed on the Plaintiffs to undertake the complex calculation of their unpaid wage amounts, or its own vigorous defense of every element. At this stage, the Defendants should be able to better justify their objection. Moreover the Defendants' objection simply does not bear out. They now demand from the Plaintiffs an economy of scale and a degree of litigation efficiency that they, themselves, did not practice. They stress the collateral estoppel value of Ealy-Simon and other cases, but they did not defend this case as if its outcome were a foregone conclusion. And they reproach the Plaintiffs for not relying more on Ealy-Simon even though they always maintained their intention to challenge Ealy-Simon on appeal. The Defendants certainly contributed to the litigation's case, and they cannot complain now of the consequences.

6. For purposes of raising objections to more specific tasks, the Defendants divide the work done in this case into two

parts using March 5, 2007, the date of the rendition of summary judgment in the <u>Ealy-Simon</u> case, as the dividing line. For work done beforehand, the Defendants object first to discovery. The Defendants say the "Plaintiffs cranked up the discovery machine and motions practice de novo, as if they were litigating on a blank slate," and they find the amount of discovery the Plaintiffs demanded in addition to that produced in other <u>Liberty Medical</u> cases to be "mind-boggling". Even if the discovery in this case was superfluous, the Defendants, themselves, did not take advantage of previous discovery productions by referencing their Bates page numbers as the Plaintiffs had requested or by making other accommodations. The Defendants moreover raised many objections to production that this Court already had ruled against in previous cases, as this Court's discovery Order (DE 48) reflects, a tack inconsistent with its current reproach of de novo litigation. Lastly the Plaintiffs were justified in casting a wide net. Not only was the calculation of each Plaintiffs' unpaid wages a complicated task, but even by this point in the <u>Liberty Medical</u> litigation, there were still few details concerning the Defendants' pay policies.

7.  Next the Defendants object to the "totally frivolous 'default' entry in state court". While the Plaintiffs ultimately did not prevail on the default issue, it cannot be regarded as entirely unfounded because the Defendants were in technical

default under state law.

8. Once the Ealy-Simon summary judgment had been entered, the Defendants contend that there was "virtually nothing left for [the Plaintiffs] to do but calculate damages and have a judgment entered". Thus the Defendants object to continued discovery and to the Plaintiffs' Motion for Summary Judgment filed in this case. To illustrate their point about Ealy-Simon's impact on this case, the Defendants cite from ¶3 of the Report and Recommendation where this Court states, "[w]ith the factual and legal matters so similar between Ealy-Simon, a case comprising around 300 employees, and the instant case, the Plaintiffs effectively rely upon collateral estoppel." However the Defendants do not cite the other sentence of the paragraph: "For their part the Defendants now supplement their previous arguments against the entry of summary judgment, arguments which this Court addresses below." Although the Report and Recommendation referenced the Ealy-Simon decision for background information, e.g., what the disputed pay practices were, the legal analysis was devoted to arguments, both new and old, that the Defendants raised. Clearly then, the issue of FLSA compliance had remained in full debate.

9. The Plaintiffs' Motion for Summary Judgment was granted on the very eve of trial. That development rendered the trial unnecessary, but it does not follow therefrom that the

Plaintiffs' trial preparations were unreasonable. So long as the trial remained on the calendar, the Plaintiffs had every obligation to be prepared for trial. Indeed the Defendants make no mention of whether they, themselves, were busy preparing for trial. The Defendants' objection on this point is overruled. This Court likewise overrules the Defendants' objection to the time the Plaintiffs spent on the damages calculation. Calculating unpaid wages was no simple task in this case. It required both the compilation of raw data and a computational methodology itself subject of dispute. Lastly the Plaintiffs may recover time spent on the instant fee and cost motions.

10. This Court is not persuaded that either the general litigation of this case or work done on any particular task was unreasonable. As such, this Court finds the Plaintiffs entitled to recover their full work hours. As for the hourly rate, this Court finds $250 to be reasonable for attorney work and $75 reasonable for paralegal work. Together this yields a reasonable attorney fee of $68,550.00, a reasonable paralegal fee of $22,575.00, and a total lodestar fee of $91,125.00. This Court finds no grounds warranting any multiplier enhancements.

11. For the reasons set forth in ¶15 of this Court's Report and Recommendation in the <u>Jochem</u> case, Case No. 05-14259 at DE 179, the Plaintiffs' request for litigation expenses is denied.

12. However the Plaintiffs may recover costs taxable under Rule 54(d)(1), Fed. R. Civ. P., and 28 U.S.C. § 1920. The Defendants object to deposition related costs for the same reasons voiced in their opposition to the attorney fees – that they were unnecessary to this case. This Court disagrees for the reasons set out above and for the additional reasons stated in the Plaintiffs' Reply, and this Court finds the costs reasonable and taxable. The Defendants' other objection concerns the cost for photocopying deposition exhibits, which it contends are non-taxable exhibit reproductions. Based on the Plaintiffs' representation that this cost item is for regular photocopies and not for physical trial exhibits, as this Court distinguished at ¶15 of its Report and Recommendation in the <u>Tennell</u> case, Case No. 06-14279 at DE 140, the objection is overruled. This Court likewise finds the 25¢ per copy charge reasonable. The Plaintiffs therefore may recover their full $4,141.34 Bill of Costs.

**ACCORDINGLY,** this Court recommends to the District Court that the Plaintiffs' Motion for an Award of Attorney Fees be **GRANTED**, in part, in the amount of $91,125.00 and that their Motion to Tax Costs be **GRANTED** in the amount of $4,141.34.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this ____ day of May, 2008.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. K. Michael Moore
    Mark A. Cullen, Esq.
    Haas A. Hatic, Esq.